UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-21965-CV-MARTINEZ
(04-20305-CR-MARTINEZ)
MAGISTRATE JUDGE REID

UNISES CHAPOTIN,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Movant's Motion to Vacate, filed pursuant to 28 U.S.C. § 2255. [ECF No. 6]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 31].

Movant, **Unises Chapotin**, is a federal prisoner currently serving a 384-month term of imprisonment as a career offender pursuant to U.S.S.G. § 4B1.2(a)(2), following his conviction by a jury in **Case No. 04-20305-CR-MARTINEZ**. In the Motion, Movant's main argument is that his sentence as a career offender is unconstitutional because § 4B1.2(a)(2) is void for vagueness pursuant to the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated a nearly identical clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), on vagueness grounds. Movant's terse *pro se* claim can also be liberally construed to allege that his Count 5 conviction for use of a firearm in furtherance of a crime of violence and a drug trafficking crime is invalid because conspiracy to commit Hobbs Act robbery

does not constitute a crime of violence after *Johnson*. Upon review of the pleadings, the supplemental briefing, and the record in the underlying criminal case, the Undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**, but that a Certificate of Appealability by issued, as further discussed below.

## II. Factual and Procedural History

Movant was a last-minute addition to a group of three men who agreed to rob a drug courier of his cocaine. *See United States v. Chapotin*, 173 F. App'x 751, 752 (11th Cir. 2006) (*per curiam*). What made the robbery unique was that the drug courier was in on the scheme himself and - unbeknownst to Movant and the rest of his group - was a confidential informant for the Government. *Id*. The plan was to make it look to the courier's supplier like the courier had been robbed, when he actually was working with Movant's group to steal the cocaine to later sell themselves. *Id*.

On the day of the planned operation, Movant was picked up in a car by his two co-defendants and driven to a restaurant parking lot. *Id*. At the restaurant, they were all picked up by the courier and brought to a nearby warehouse to pick up a van they were going to use to transport the cocaine following the robbery. *Id*. Upon their arrival at the warehouse, they were arrested. *Id*.

Movant and his co-defendants were charged with: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 2); conspiracy to possess a firearm in furtherance of a crime of violence and a drug trafficking crime, as set forth in Counts 1, 2, and 4, in violation of 18 U.S.C. § 924(o) (Count 3); attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count 4); use of a firearm in furtherance of a crime of violence and a drug trafficking crime, as set forth in Counts 1, 2, and 4,

in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). [CR-ECF No. 16]. Each of the three defendants were also separately charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), so only Count 8 applied to Movant. [*Id*. at 5].

Right before trial, Movant's two co-defendants both pleaded guilty to Counts 1 and 5, while Movant chose to go to trial. After a three-day trial, the jury found Movant guilty as charged, however the verdict was a general verdict that did not specify the predicate crimes underlying Movant's § 924 convictions in Counts 3 and 5. [CR-ECF No. 84].

After trial, Movant was sentenced as a career offender to a 384-month term of imprisonment. [CR-ECF No. 123]. Movant appealed, and on appeal the Eleventh Circuit reversed his § 922(g)(1) conviction in Count 8 based on insufficient evidence to convict him and affirmed all other aspects of Movant's conviction. *See Chapotin*, 173 F. App'x at 752-53, *cert. denied*, 549 U.S. 916 (2006). On September 8, 2006, Movant received an amended judgment, but his 384-month term of imprisonment remained unchanged. [CR-ECF No. 187].

To briefly summarize the extensive history of this collateral challenge to his sentence, in 2004, Movant was sentenced as a career offender under what was then the mandatory sentencing guidelines. Shortly thereafter, the Supreme Court held in *United States v. Booker*, 543 U.S. 220 (2005), that mandatory application of the guidelines was unconstitutional, and that the guidelines were effectively advisory for the sentencing court to consider when determining the appropriate sentence for a convicted defendant. However, *Booker* was not made retroactive to cases on collateral review, so it did not provide Movant any relief in challenging his sentence. *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).

About a decade later, the Supreme Court decided *Johnson*, which overruled previous longstanding precedent and represented a significant and retroactive change in the law. *See Mays*

3

*v. United States*, 817 F.3d 728, 736-37 (11th Cir. 2016) (*per curiam*). Invoking the new rule in *Johnson*, Movant filed this Motion to Vacate, which argues that because *Johnson* invalidated the residual clause of the ACCA, it also invalidated the identically-worded U.S.S.G. § 4B1.2(a)(2), the residual clause of the pre-*Booker* mandatory career offender guidelines. [ECF No. 6].

Respondent argued, among other things, that Movant's challenge to his sentence was not cognizable on collateral review, because *Johnson* did not apply to challenges to the sentencing guidelines, and because Movant was sentenced to less than the statutory maximum of life imprisonment. [ECF No. 13] (citing *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that the post-*Booker* advisory guidelines were not subject to a vagueness challenge); *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (holding the pre-*Booker* mandatory guidelines were not subject to a vagueness challenge)). Acknowledging that his argument appeared to be foreclosed by binding Eleventh Circuit precedent, Movant filed an unopposed Motion to stay this case while the Supreme Court decided yet another potentially relevant case, *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2016). [ECF No. 15]. The Court granted the stay and administratively closed this case pending the *Beckles* decision. [ECF No. 17].

However, the Supreme Court in *Beckles* did not solve the issue now before this Court, because it solely dealt with the post-*Booker* advisory guidelines, not the pre-*Booker* mandatory guidelines that Movant was sentenced under in 2004. Thus, *Beckles* left in place the Eleventh Circuit's prior holding in *Griffin*, which was fatal to Movant's argument. *See Robinson v. United States*, 773 F. App'x 520, 522-23 (11th Cir. 2019) (*per curiam*) (holding under the prior panel precedent rule, that *Griffin* foreclosed the movant's challenge to the mandatory career offender guidelines) (quoting *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)).

4

After *Beckles*, the Court lifted the stay and referred this case to Magistrate Judge Patrick White for report and recommendation on the Motion to Vacate and on whether Movant should be granted a Certificate of Appealability. [ECF No. 25]. Before issuing a report, Magistrate Judge White retired, and the case was referred to the Undersigned.

While this was taking place, the Supreme Court decided yet another potentially relevant case to Movant's Motion, *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), which held another nearly identical residual clause, 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. Accordingly, the Undersigned Ordered the parties to file supplemental briefing on what effect, if any, *Davis* had on this case. [ECF No. 26]. Now that such briefing has been completed [ECF Nos. 27, 28], this matter is ripe for review by the Court.

### III.  Discussion

A.  Movant's Claims

Because Movant was *pro se* when he filed his Motion to Vacate, the Court should liberally construe his claims. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In so doing, Movant argues in his Motion: (1) that his sentence enhancement under the career offender guidelines was unconstitutional because he lacked the predicate convictions; and (2) that his conviction under 18 U.S.C. § 924(c) is invalid because conspiracy to commit Hobbs Act robbery does not constitute a crime of violence. [ECF No. 6 at 10]. Through counsel, Movant later argues that his convictions in both Counts 3 and 5 must be vacated. [ECF No. 27].

B.  Standard of Review

Under 28 U.S.C. § 2255, federal prisoners may seek relief from the court that imposed their sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in

excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a) (alteration added). It is a movant's burden to show by a preponderance of the evidence that he is entitled to relief. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017).

C. <u>Analysis of Movant's Claims</u>

### Claim 1: Movant's Career Offender Enhancement Was Unconstitutional

Movant's first claim is that his sentence enhancement under the career offender guidelines was unconstitutional because he lacked the predicate convictions after *Johnson*. [ECF No. 6 at 10]. Respondent argues that this claim is not cognizable because Movant's sentence was less than the statutory maximum of life imprisonment, and a sentencing error cannot be challenged absent either a showing of actual innocence, or vacatur of a prior conviction. [ECF No. 13 at 3-4] (citing *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014)). Respondent is correct, and in any event Movant's claim fail on the merits because it foreclosed by still-binding Eleventh Circuit precedent in *Griffin*, and Movant's argument that *Beckles* abrogated *Griffin* is incorrect. *See Robinson*, 773 F. App'x at 522-23.

In *Johnson*, the Supreme Court expressly limited its holding to the residual clause of the ACCA. *See Johnson*, 576 U.S. at 606. While the holding in *Johnson* has been greatly expanded since Movant filed his Motion to Vacate, *see, e.g., Davis, supra*, the Supreme Court in *Beckles* left open whether vagueness principles apply to the pre-*Booker* mandatory guidelines, only deciding that *Johnson* did not apply to the post-*Booker* advisory guidelines. *See Beckles*, 580 U.S. at ___, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in judgment). As such, Movant's argument that *Beckles* abrogated *Griffin* fails because for a Supreme Court decision to overcome the prior panel precedent rule, it must be "squarely on point" and "actually abrogate or directly conflict with, as

6

opposed to merely weaken, the holding of the prior panel." *Kaley*, 579 F.3d at 1255. While *Beckles* does mention the distinction between the mandatory and advisory guidelines, it left open the possibility that *Griffin* could still be valid and declined to address the advisory guidelines. Thus, it cannot be said that *Beckles* has abrogated *Griffin*, or that there is direct conflict between the two.

Movant also argues that *Griffin* does not control because it was decided in the context of an application for leave to file a second or successive motion to vacate. [ECF No. 21]. However, after raising this argument, the Eleventh Circuit has subsequently held in another case that published orders deciding applications for leave to file second or successive motions to vacate are binding. *See United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018). As such, the Eleventh Circuit's holding in *Griffin*, that *Johnson* does not apply to pre-*Booker* mandatory guidelines, remains controlling on all district courts in the Eleventh Circuit. Accordingly, Movant's claim should be denied on the merits.

**Claim 2: Movant's § 924 Convictions Are Unconstitutional**

Next, Movant's claim that his Count 5 conviction for use of a firearm in furtherance of a crime of violence and a drug trafficking crime is invalid under *Johnson*, merits discussion. [ECF No. 6 at 3, 10]. In 2016, when Respondent filed its Response, it correctly noted that the Supreme Court in *Johnson* expressly limited its holding to the residual clause of the ACCA, and that it did not impact the validity of the § 924(c)(3)(B) residual clause. [ECF No. 13]. If this case were decided in 2016, that would be the end of it and this claim would be easily denied.

Since then, however, the Supreme Court has extended its void-for-vagueness holding in *Johnson* to § 924(c)(3)(B). *See Davis*, 588 U.S. at ___, 139 S. Ct. at 2324-25. In addition, the Eleventh Circuit has also held that, after *Davis*, conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence. *See United States v. Brown*, 942 F.3d 1069, 1074-75 (11th Cir.

7

2019). Thus, if Movant can prove by a preponderance of the evidence that his Count 5 § 924(c) conviction was based on conspiracy to commit Hobbs Act robbery, and not on the still valid predicate drug trafficking crimes, he would be entitled to relief on this claim. *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019). However, Movant cannot meet his burden to do so, and this claim should be denied.

Movant fails to meet his burden because his Motion to Vacate provides no evidence one way or the other as to which predicate offense the jury relied upon. However, in Movant's supplemental briefing, counsel argues in the alternative that because the verdict did not specify whether the jury convicted him of using the firearm in furtherance of the Hobbs Act conspiracy or the drug trafficking crimes, both his Count 3 and Count 5 § 924 convictions must be vacated pursuant to *Stromberg v. California*, 283 U.S. 359, 368 (1931). [ECF No. 27]. Nevertheless, even if Movant were able to prove a *Stromberg* error, his claim would still fail because, as Respondent points out, the objective of Movant's Hobbs Act conspiracy was to steal cocaine and later distribute it.

The Supreme Court has clarified that *Stromberg* errors are not structural errors that require automatic reversal. *See Hedgpeth v. Pulido*, 555 U.S. 57, 60-61 (2008). Rather, *Stromberg* errors are instructional errors that are subject to a harmless error test. The harmless error review is a standard applied to the record's facts, not a burden borne by a movant. *See O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) ("[W]e think it conceptually clearer for the judge to ask directly, 'Do I, the judge, think that the error substantially influenced the jury's decision?' than for the judge to try to put the same question in terms of proof burdens (e.g., 'Do I believe the party has borne its burden of showing . . . ?')" (first alteration added)).

8

In the habeas context, an error is not harmless if there is "more than a reasonable possibility" the error contributed to the conviction or sentence. *Al-Amin v. Warden, Ga. Dep't of Corr.*, 932 F.3d 1291, 1299 (11th Cir. 2019) (quotation marks and citation omitted). "When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error is not harmless. And, the [movant] must win." *O'Neal*, 513 U.S. at 436. (alteration added). "Grave doubt" means "the matter is so evenly balanced that [the judge] feels [herself] in virtual equipoise as to the harmlessness of the error." *Id*. at 435 (alterations added; quotation marks omitted). The "risk of doubt" is on the Government. *Id*. at 439.

A movant can show an entitlement to habeas relief following a *Stromberg* error in two ways. First, the movant can show that the jury more likely than not convicted based solely on the invalid theory of guilt, because under those circumstances there is little doubt the error fatally infected the verdict. *See Cannon*, 931 F.3d at 1243 (11th Cir. 2019); *see also Brown*, 942 F.3d at 1074-75. Second, a movant can show *Stromberg* error and the Court, upon review of the record, including the indictment, closing arguments, jury instructions, and specific factual findings by the jury, determines the jury as likely solely relied on the invalid theory of guilt as not, and therefore the error was not harmless. *See O'Neal*, 513 U.S. at 435 (instructing courts that when the evidence is evenly balanced, the risk of doubt is on the state); *see also Adams v. Wainwright*, 764 F.2d 1356, 1362 (11th Cir. 1985) (determining on which predicate offense a jury likely relied "by examining the jury instructions and the closing arguments made at trial and asking whether, under the circumstances, the jury could only have [relied on an invalid predicate]" (alteration added)).

There was a *Stromberg* error in Movant's underlying criminal case. The jury was instructed that it could convict Movant on Counts 3 and 5 based on several grounds, including the now-

9

invalidated predicate crime of violence of conspiracy to commit Hobbs Act robbery in Count 2, and the jury returned a general verdict. This mean that the jury could have relied upon the invalid predicate. However, Movant does not show that it is more likely than not that the conviction was based solely on the invalid theory of guilt. *See Cannon*, 931 F.3d at 1243. As such, Movant can only prevail if the Court, upon a review of the entire record, determines that the jury just as likely solely relied upon the invalid theory of guilt as not, and therefore the *Stromberg* error was not harmless. *See O'Neal*, 513 U.S. at 435; *see also Al-Amin*, 932 F.3d at 1299.

Here, the record leaves the Undersigned with no doubt that the *Stromberg* error is harmless, and that Movant is not entitled to relief. The jury was instructed that Movant could be found guilty if he possessed a firearm in furtherance of a drug trafficking crime, a crime of violence, or both. [CR-ECF No. 81 at 17, 23]. The jury was further instructed that it was not required that the Government prove that Movant violated the law in both ways, but that they must unanimously agree on which way he violated the law if it was not violated in both ways. [*Id*. at 17-20, 23-24].

The jury convicted Movant on all counts beyond a reasonable doubt. The general jury verdict convicting on all counts is evidence the jury accepted the prosecution's theory of the case. *See Adley v. United States*, No. 16-22907-CIV-ALTONAGA, 2020 U.S. Dist. LEXIS 188577 at *23-25 (S.D. Fla. Oct. 9, 2020) (citing *United States v. von NotHaus*, No. 09-cr-27, 2014 U.S. Dist. LEXIS 158935, 2014 WL 5817559, at *4 (W.D.N.C. Nov. 10, 2014) ("The [general] jury verdict reflects that the fact finders accepted the Government's evidence and theory." (alteration added; footnote call number omitted)); *Acevedo v. Adams*, No. cv 09-6505, 2011 U.S. Dist. LEXIS 21152, 2011 WL 837891, at *10 (C.D. Cal. Jan. 11, 2011) ("The [guilty] verdicts [] reflect that the jury accepted the prosecution's theory and rejected the defense theory[.] (alterations added)), *R. & R. adopted*, 2011 U.S. Dist. LEXIS 21159, 2011 WL 836672 (C.D. Cal. Feb. 28, 2011)).

It is thus extremely unlikely the jury convicted on Counts 3 or 5 solely on conspiracy to commit Hobbs Act robbery. Another reason why it is so unlikely is because the conspiracy to commit Hobbs Act robbery appears inextricably intertwined with the drug crimes for which Movant was also convicted. For example, Movant's Indictment described the Hobbs Act conspiracy in Count 2 as one where "the defendants did plan to take cocaine from individuals they believed to be engaged in narcotics trafficking." [CR-ECF No. 16 at 2]. Given this record, "it is difficult to see how a jury would have concluded [Movant] was guilty of using a firearm during and in furtherance of the [Hobbs Act conspiracy] without at the same time also concluding that he did so during and in furtherance of the underlying drug [] predicates." *Cannon*, 931 F.3d at 1243 (alterations added).

Because there is no reasonable probability the jury relied solely on conspiracy to commit Hobbs Act robbery in convicting Movant on either Count 3 or Count 5, the *Stromberg* instructional error permitting that unlikely possibility is harmless. Harmless constitutional errors do not warrant habeas relief. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). Thus, Movant's claim should be denied.

D.      Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate has no absolute entitlement to appeal and must obtain a Certificate of Appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The Court should issue a Certificate of Appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, a Certificate of Appealability should be granted because reasonable jurists would find the above assessment of the constitutional claims debatable.

The first issue a Certificate of Appealability should be granted on is whether sentences under the then mandatory pre-*Booker* sentencing guidelines are subject to a vagueness challenge. While the Eleventh Circuit has expressly held after *Johnson* that they are not subject to such a challenge in *Griffin*, reasonable jurists, including judges on the Eleventh Circuit, continue to debate the correctness of *Griffin*, and the Supreme Court's decision in *Beckles* did not conclusively settle this question one way or the other. *See, e.g., In re Sapp*, 827 F.3d 1334, 1337 (11th Cir. 2016) (Jordan, Rosenbaum, and Jill Pryor, JJ., concurring) (writing "separately to explain why we believe *Griffin* is deeply flawed and wrongly decided"); *In re McCall*, 826 F.3d 1308, 1310 (11th Cir. 2016) (Martin, J., concurring) (opining that *Griffin* was "wrongly decided"). Thus, a Certificate of Appealability should be issued as to whether sentences under the mandatory guidelines are subject to a vagueness challenge.

The court should also grant a Certificate of Appealability on the issue of the precedential weight of published opinions in the context of applications for second or successive motions to vacate. While the Eleventh Circuit has recently held in *St. Hubert* that published orders deciding applications for leave to file second or successive motions to vacate are binding, the Eleventh Circuit declined to rehear the case *en banc* over considerable dissent from Judges Wilson, Martin, Rosenbaum, and Jill Pryor. *See St. Hubert*, 909 F.3d at 346, *rehearing denied*, 918 F.3d 1174, 1196-1213 (11th Cir. 2019) (Wilson, Martin, Jill Pryor, and Rosenbaum, JJ., dissenting from denial of rehearing *en banc*), *cert. denied*, ___ U.S. ___, 140 S. Ct. 1727 (2020). In addition, in concurring in the Supreme Court's denial of certiorari in *St. Hubert*, Justice Sotomayor pointed

out what she believed to be due process concerns regarding the Eleventh Circuit's handling of applications for second or successive motions to vacate. *See* ___ U.S. at ___, 140 S. Ct. at 1727-30 (Sotomayor, J., concurring in the denial of certiorari). Thus, reasonable jurist could find the determination of this issue debatable and a Certificate of Appealability should be issued as to the question of whether published orders deciding applications for leave to file second or successive motions to vacate are binding upon district courts in determining first filed motions to vacate.

Finally, a Certificate of Appealability should be granted on whether the Court erred in applying the reasonable probability harmless error review standard to the *Stromberg* error, and whether the Court erred in determining the *Stromberg* error in Movant's underlying criminal case was harmless. Movant cites to *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 779 (11th Cir. 2003), for the proposition that *Stromberg* "forbids … a conclusion that a constitutional error is harmless because of the availability of another, independent basis for the jury's verdict." However, this ruling appears to have been abrogated by *Hedgpeth*, though the Eleventh Circuit has not expressly acknowledged this. Thus, because reasonable jurists may find these determinations debatable, a Certificate of Appealability should be issued as to whether the Court applied the correct standard, and whether the Court's determination that the error in Movant's case was harmless was correct.

### IV. Recommendations

Based on the above, it is **RECOMMENDED** that the Motion to Vacate be **DENIED**, but that a Certificate of Appealability be issued as described above.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the

factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

      **SIGNED** this 6th day of November, 2020.

                                                         UNITED STATES MAGISTRATE JUDGE

cc:     **All Counsel of Record via CM/ECF**; and

       **Unises Chapotin**
       70816-004
       Bennettsville
       Federal Correctional Institution
       Inmate Mail/Parcels
       Post Office Box 52020
       Bennettsville, SC 29512